UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICKERY J. MCCRAY #400430,

    Petitioner,

v.                                                                                          Case No. 2:18-CV-84

CONNIE HORTON,                                                            HON. GORDON J. QUIST

    Respondent.
_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING PETITIONER'S HABEAS PETITION

    This is a habeas corpus petition brought by state prisoner Vickery J. McCray pursuant to 28 U.S.C. § 2254.  On August 24, 2021, United States Magistrate Judge Maarten Vermaat issued a Report and Recommendation (R & R), recommending that the Court deny McCray's petition, deny a certificate of appealability, and not certify that an appeal would not be taken in good faith. (ECF No. 23.)  Neither party filed an objection within 14 days. On September 14, 2021, the Court received a letter from McCray in which he requested an extension to file objections and alleged that he previously sent to the Court a motion to extend. (ECF No. 25).  The Court also received McCray's objections on the same date.  (ECF No. 26.) On September 20, 2021, the Court received McCray's motion to stay proceedings and hold his Petition in abeyance and a request for an extension of time, which McCray signed on September 2, 2021, but is postmarked on September 16, 2021. (ECF No. 27). On September 24, the Court received McCray's motion to amend. (ECF No. 28.) Having reviewed these filings, the Court will consider McCray's objections timely.[1]

---

[1] To the extent McCray seeks more time to file new objections, his request is denied.

Upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted and McCray's habeas petition should be denied.

The Court interprets McCray's filings as raising two specific objections. First, McCray argues that the magistrate judge erred by finding that he failed to exhaust his ineffective assistance of counsel claim regarding competency and an insanity defense. While McCray alleged numerous ineffective assistance of counsel claims on appeal, there is no dispute that he failed to raise the competency issue in his appellate counsel's brief or his *pro per* brief to the Michigan Court of Appeals. McCray appears to have first raised this issue in a series of letters to the Michigan Supreme Court and a "motion to compel discovery." (*See* ECF No. 16-11.) The Michigan Supreme Court denied McCray leave to appeal and his motion to compel. (*Id.* at PageID.915.) After the denial, McCray filed similar motions seeking to expand the record in the trial court, but the trial court denied the motions. (ECF Nos. 26-10 and 26-11.) The Court agrees with the magistrate judge that McCray did not "fairly present" this claim so that state courts had a "fair opportunity" to consider them. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 848, 119 S. Ct. 1728, 1734 (1999). "Presenting new claims to the state's highest court for the first time on discretionary review . . . does not constitute fair presentation of those claims." *Hickey v. Hoffner*, 701 F. App'x 422, 425

(6th Cir. 2017). Furthermore, McCray, as he recognized in one of his motions to the trial court, can still file a motion for relief from judgment in state court under M.C.R. 6.500. [2]

Because McCray asserts exhausted and unexhausted claims, his petition is "mixed." Although a "mixed" petition is generally dismissed without prejudice, the Court may "ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit." *Harris v. Lafler*, 553 F.3d 1028, 1032 (6th Cir. 2009). Similarly, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile. *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988). Here, the Court finds that further exhaustion in the state courts is likely to be futile and the claims lack merit.

McCray argues that his trial and appellate counsel provided ineffective assistance of counsel by failing to investigate and raise the issue of competency and an insanity defense. To succeed on an ineffective assistance of counsel claim, the defendant must show "that counsel's representation fell below an objective standard of reasonableness," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (citations omitted). Claims for habeas relief based on ineffective assistance of counsel are evaluated under a "doubly deferential" standard. *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). In the instant case, McCray has not provided any evidence that an insanity defense was warranted in this case. His arguments that he previously received social security disability benefits for an unknown reason, his past substance abuse, and his testimony at trial are not sufficient to show that he is "legally insane" under Mich. Comp. Laws § 768.21a. Nor do they clearly warrant

---

[2] In his motion for reconsideration filed in state court, McCray wrote a "disclaimer" that "[t]his motion nor the previous motion [was] not to be considered as a motion for relief from judgment, pursuant to MCR 6.502." (ECF No. 26-10 at PageID.1484.)

any further investigation by counsel. More importantly, McCray has provided no evidence that either his trial attorney or appellate attorney investigated or failed to investigate this issue. On appeal, the Michigan Court of Appeals denied McCray's first ineffective assistance of counsel claim based on counsel failing to investigate. (ECF No. 16-10 at PageID.703.)[3] The state courts, both trial and appellate, have denied McCray's requests to further expand the record on this issue and other ineffective assistance of counsel claims. Therefore, given the current record, there is no reason to believe that the state court would reach a different outcome on McCray's new failure to investigate claim. Accordingly, McCray's new failure to investigate claim lacks factual support.

Similarly, McCray has also not shown that his attorneys were ineffective for failing to raise an insanity defense. Where the alleged error is based upon the election to pursue one defense over another, a heavy measure of deference must be accorded to counsel's judgment. Given the current record, the decision to present a defense that McCray and the victim were in a consensual relationship, that the victim called 911 to get out of paying for drugs, and that the victim's screaming was her typical behavior during consensual sex was completely reasonable. (ECF No. 16-7 at PageID.626.) Accordingly, McCray has not established that counsel was deficient for failing to raise an insanity defense.

In his second objection, McCray attempts to clarify "his claim is that assault by strangulation or suffocation was the only two acts that raise CSC 3 to CSC 1. No other assaultive act occurred according to the prosecutor theory and the accuser testimony." (ECF No. 26 at PageID.1412.) This objection relates to Claim III in which McCray argues that his conviction

---

[3] The Court notes that the Michigan Court of Appeals denied McCray's ineffective assistance of counsel claim based on counsel's alleged failure to meet with McCray before trial, to prepare McCray for trial, and to learn of McCray's of anticipated testimony. (ECF No. 16-10 at PageID.703.)

4

violated the Double Jeopardy Clause. The Michigan Court of Appeals construed this claim as an inconsistent verdict claim and rejected it:

> The record contains ample testimony of other forceful acts by defendant to commit first-degree CSC. The victim testified that defendant removed her pants and spread her legs while she resisted. The 911 call contains several statements by the victim in which she repeatedly tells defendant to get off of her. Evidence also indicated that the victim's right breast was bruised during the assault and that she suffered abrasions to both legs. In sum, it was not necessary for the jury to find that defendant committed an assault by strangulation in order to find that the physical force element of the CSC I charge was satisfied. Rather, the evidence permitted the jury to find, consistently, that defendant engaged in other forceful acts to sexually penetrate the victim, even if he did not commit an assault by strangulation. Accordingly, there is no merit to this issue.

(ECF No. 16-10 at PageID.706.)

The Court agrees with the magistrate judge's analysis on this claim. Given that the assault by strangulation was not the sole reason for the criminal sexual-conduct charge, Petitioner is not entitled to habeas relief on this claim.[4]

McCray's second objection also relates to Claim XII in which he argues "that the specific evidence introduced at trial was insufficient to satisfy the elements of assault by strangulation or suffocation." (ECF No. 11, PageID.387.) The magistrate judge concluded that Petitioner failed to exhaust this claim. Even if McCray did not exhaust this claim, it lacks any merit because, as the Michigan Court of Appeals held, "the evidence permitted the jury to find, consistently, that defendant engaged in other forceful acts to sexually penetrate the victim, even if he did not commit an assault by strangulation." (ECF No. 16-10 at PageID.706.)

Having reviewed McCray's objections and finding no basis for habeas relief,

---

[4] Furthermore, to the extent McCray intended to argue that there was insufficient evidence to find that the victim suffered the requisite physical injury to sustain the CSC 1 conviction, his argument is without merit. The Michigan Court of Appeals identified the victim's various physical injuries and there was sufficient evidence to support the conviction. (ECF No. 16-10 at PageID.706.)

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 23) is adopted as the Opinion of the Court as supplemented by this Order.

**IT IS FURTHER ORDERED** that McCray's habeas corpus petition (ECF No. 1) is **DENIED** for the reasons set forth in the Report and Recommendation.

A separate judgment will enter.

This case is **concluded**.

Dated: September 30, 2021 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE